# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT E. BOWER,

                    Petitioner,             :     Case No. 3:16-cv-468

       - vs -                           District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
 Chillicothe Correctional Institution,

                              :
                 Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus action is before the Court for decision on the Petition (ECF No. 2), Respondent's Return of Writ (ECF No. 8), the State Court Record (ECF No. 7), and Petitioner's Traverse (ECF No. 10).

**Procedural History**

Mr. Bower was indicted by the Shelby County Grand Jury on one count of rape and one count of kidnapping with a sexual motivation specification. The trial jury convicted on both counts. The specification was dismissed and the two counts of conviction were merged under Ohio Revised Code § 2941.25 and Petitioner was sentenced to eight years imprisonment. The Ohio Third District Court of Appeals affirmed. *State v. Bower*, 2015-Ohio-1889, 2015 Ohio App. LEXIS 1803 (3rd Dist. May 18, 2015), appellate jurisdiction declined, 143 Ohio St. 3d 1480

1

(2015). Mr. Bowers' application for reopening the direct appeal was denied as were both of his petitions for post-conviction relief. He then filed the instant habeas corpus petition, pleading the following grounds for relief:

> **Ground One:** Due process & equal protection and contrary to law rulings.
>
> **Supporting Facts:** Despite the clear guidance by the legislature, the court(s) failed to comply with the sentencing statutes for "first-time" offenders. Notwithstanding actual innocence, the court ignored its duty prior to sentencing, to include in the record the mandatory procedures and language as required and ignored the strict compliance of truth-in-sentencing. And in violations of the 6th, 8th, 14th Amendments of the U.S. Constitution and in violation of Ohio and Federal rules and revised codes.
>
> **Ground Two:** Actual innocence, sufficiency of the evidence in violation of the 6th, 8th and 14th Amendments of the U.S. Constitution.
>
> **Supporting Facts:** The suborned testimony and conflicting statements, including the DNA testing methodologies were not consistent and supported reasonable doubt in the case sub judice.
>
> **Ground Three:** Ineffective assistance of counsel and in violation of the 6th, 14th Amendments of the U.S. Constitution.
>
> **Supporting Facts:** Counsel, by carelessness or by design, ignored the statutory language required at all critical stages. The rudimentary Revised Codes and presumption of regularity were not addressed by counsel at both judicial levels. The court did not have the statutory authority to render judgment as held by the General Assembly.

(Petition, ECF No. 2, PageID 18, 20, 21.)

# Analysis

**Ground One: Denial of Due Process and Equal Protection by Failure of Ohio Courts to Follow Ohio Law on Sentencing First-Time Offenders**

In his First Ground for Relief, Mr. Bowers asserts his due process and equal protection rights were violated when the Common Pleas Court did not follow Ohio sentencing law as its relates to first-time offenders.

Respondent asserts this ground for relief is procedurally defaulted because it was never presented to any Ohio court. In the alternative, Respondent asserts the ground for relief is not properly pled and states only a state law question (Return, ECF No. 8, PageID 395-97).

Mr. Bower begins his Traverse with a four-page discussion of "equitable tolling," apparently believing that equitable tolling will excuse his procedural defaults in general, relying on *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013). "Equitable tolling" is a legal concept excusing delay in filing beyond the statute of limitations. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Respondent does not claim the Petition was untimely filed and therefore "equitable tolling" is not relevant to this case.

Instead, Mr. Bowers seems to be arguing his procedural defaults should be excused by his "actual innocence." The Supreme Court has held that actual innocence will excuse a procedural default, but just claiming to be actually innocent is not enough.

> [A]ctual innocence, if proved, serves as a gateway through which a
> petitioner may pass whether the impediment is a procedural bar, as

3

it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U. S., at 329, 115 S. Ct. 851, 130 L. Ed. 2d 808; see *House*, 547 U. S., at 538, 126 S. Ct. 2064, 165 L. Ed. 2d. 1 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U. S., at 332, 115 S. Ct. 851, 130 L. Ed. 2d. 808.

\* \* \*

[A] federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.

*McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013).

[I]f a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). "Thus, the threshold inquiry is whether "new facts raise[] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 140 L. Ed. 2d 828, 118 S. Ct. 1604 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* at 321.

4

*Souter v. Jones*, 395 F.3d 577, 590 (6ᵗʰ Cir. 2005).

To establish the actual innocence "gateway" around procedural default, a habeas petitioner must present new evidence – evidence not considered by the trial jury – which proves to the satisfaction of the habeas court that no reasonable juror would have convicted. Mr. Bower does not point to any such new evidence, but offers instead his own interpretation of the evidence offered at trial. Thus he has not established the actual innocence gateway around procedural default.

Mr. Bower does not dispute Respondent's claim that he never presented his First Ground for Relief to the Ohio courts. Failure to present a claim to the state courts constitutes a procedural default which bars its consideration in habeas corpus. *O'Guinn v. Dutton*, 88 F.3d 1409 (6ᵗʰ Cir. 1996)(per curiam)(en banc). Mr. Bower's First Ground for Relief should be dismissed as procedurally defaulted.

**Ground Two: Conviction is Based on Insufficient Evidence**

In his Second Ground for Relief, Mr. Bower claims he was convicted on insufficient evidence.

This ground states a claim for relief cognizable in habeas corpus under the Due Process Clause of the Fourteenth Amendment. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6ᵗʰ Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6ᵗʰ Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397

5

U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, *supra*. A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S. Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard,* 11 F.3d

6

618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict *under Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012).  Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010).

We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651 (2012)(per curiam).

Although Ground Two states a claim for relief under the Fourteenth Amendment, it too is

procedurally defaulted. This is a claim that was available on direct appeal but was not raised there.

In arguing what he refers to as "claim two," Bower does not speak to this question of procedural default. Instead, he argues about the strength of the evidence against him. (In part, he also argues about the jury instructions, a claim he has not raised in the Petition.) In the course of his argument, he admits that the victim testified that he orally penetrated her (Traverse, ECF No. 10, PageID 418). He also admits his DNA was found in the victim's vaginal area, which he alleges came from his having licked his finger before slipping his hand into her pants, but whose presence is consistent with the victim's testimony. Construing those facts most favorably to the prosecutor, it is sufficient evidence on which to convict. Therefore, even if the Court were to reach the merits of the sufficiency claim, it would find it was without merit.

Ground Two should therefore should be dismissed with prejudice.

**Ground Three: Ineffective Assistance of Counsel**

In his Third Ground for Relief, Mr. Bower makes a very general claim that he was denied effective assistance of counsel "at both judicial levels."

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the

> deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance*, 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at

9

trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353 (1963); *Anders v. California*, 386 U.S. 738 (1967); *United States v. Cronic*, 466 U.S. 648 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp*, 483 U.S. 776 (1987).

In the Return of Writ, the Warden makes the point that Bower never made a claim of ineffective assistance of counsel formulated anything like what he has pled here. In fact, the Petition does not particularize anything that any one of his attorneys did or did not do which was deficient performance or prejudicial.

In his Traverse, Mr. Bower does not speak at all to this point. Instead, he attempts to completely restate Ground Three as follows:

> **Claim #3**
>
> The trial court erred by allowing prejudicial testimony with limited probative value at trial, in violation of the evidence rules, in violation of evidence rule 403(A), abuse of discretion, manifest miscarriage of justice and in violation of Petitioner's 6th and 14th Amendments of the United States Constitution.

(Traverse, ECF No. 10, PageID 422.) This is simply not the same claim made in the Petition. Ground Three as pled does not state a claim upon which relief can be granted.

Having made this response in support of Ground Three of his Petition, Bower then goes ahead to make arguments in support of a Claim 4 (*Id.* at PageID 426-27), a Claim 5 (PageID 428-35), a Claim 6 (PageID 435-43), a Claim 7 (PageID 444-48), and a Claim 8 (PageID 448-

54).  None of those claims is made in the Petition.  A habeas corpus petitioner cannot file a petition with certain claims and then effectively change those claims when he or she filed the traverse.  Instead, once the petition is filed and an answer is made, a petitioner can amend only by moving to do so under Fed. R. Civ. P. 15, which Mr. Bower has not done.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

March 22, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).