# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ROBERT E. BOWER,

        Petitioner,    :    Case No. 3:16-cv-468

  - vs -        District Judge Walter Herbert Rice
        Magistrate Judge Michael R. Merz

CHARLOTTE JENKINS, Warden,
  Chillicothe Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 14) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 11), recommending the Petition be dismissed with prejudice. District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 15).

The Petition in this case pleaded three Grounds for Relief.

In Ground One Mr. Bower asserted he was deprived of due process and equal protection of the laws when the Ohio courts did not follow the Ohio law for sentencing first-time offenders in his case. The Report recommended this Ground be dismissed as procedurally defaulted because it was never presented to the Ohio courts (ECF No. 11, PageID 526).

Mr. Bower objects that he raised this claim in his Traverse (Objections, ECF No. 14, PageID 537). But presenting a claim in a traverse in federal court is not equivalent to presenting

1

it to the state courts and neither the Traverse nor the Objections cite any place in the record where this claim was made in the Ohio courts.

The Traverse does argue that Bower is a first-time offender and therefore his sentence to more than minimum of the range for his offenses provided in the statues both violated Ohio law and is "excessive" under the Eighth and Fourteenth Amendments. The first part of this claim is an Ohio law claim which a federal habeas court cannot consider. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

The second part of this claim is made under the federal Constitution, but is procedurally defaulted because it was never presented to the state courts. It is also without merit. Bower was sentenced to eight years imprisonment on convictions of rape and kidnapping. The sentence was within the range for such crimes in Ohio and was much less severe than crimes for which the Supreme Court has upheld much more severe sentences over excessive punishment claims. See *Harmelin v. Michigan*, 501 U.S. 957, 1000 (1991).

Mr. Bower seeks to excuse his procedural default of this claim by asserting he received ineffective assistance of appellate counsel when his appellate attorney did not present it (Objections, ECF No. 14, PageID 538). Bower refers to the Third District Court of Appeals

decision of May 18, 2015, as somehow holding that he received ineffective assistance of appellate counsel which would excuse this procedural default. The opinion in question is *State v. Bower*, Case No. 17-14-14, 2015 Ohio App. LEXIS 1803 (3d Dist. May 18, 2015). The Magistrate Judge has read that opinion carefully and can find no place in it where the appeals court faults Mr. Bower's attorney for not making constitutional arguments. In addition, in order to rely on ineffective assistance of appellate counsel to excuse procedural default, a habeas litigant must first raise the ineffective assistance of appellate counsel claim in state court. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Although Bower did file an application to reopen his direct appeal under Ohio R. App. P. 26(B)(State Court Record, ECF No. 7, Ex. 21), he did not make any claim there that his appellate attorney provided ineffective assistance by not arguing his punishment was excessive. Instead, he reargued admission of evidence claims which had been raised by his appellate attorney.

Mr. Bower also argues that he is entitled to the actual innocence exception to procedural default (Objections, ECF No. 14, PageID 538-42). While he claims he has presented the new evidence of actual innocence required by that doctrine, he does not actually point to any such evidence. As the Report notes, citing *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), such evidence must be "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Id.* at 590, citing *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Despite Mr. Bower's repeated use of the phrase "actual innocence," he has supplied this Court with no new evidence whatsoever.

3

**Ground Two: Insufficient Evidence**

In his Second Ground for Relief, Mr. Bower asserts his conviction is not supported by sufficient evidence. The Report found this claim also was procedurally defaulted because it was not raised on direct appeal (Report, ECF No. 11, PageID 528-29). Alternatively on the merits the Report found that Bower admitted in his Traverse that the victim testified he orally penetrated her and that his DNA was found in her vaginal area, although he offers an alternative but not innocent explanation of how it got there.

In his Objections, Bower argues at length about whether cunnilingus is rape and that evidence of penetration is needed for a rape conviction (ECF No. 14, PageID 541-45). None of this argument about the weight of the evidence is relevant. Contrary to Mr. Bower's assertion, a habeas court does not "sit as a 13th juror [and is] to decide if the lower court or Jury lost their way." That is the test for a conviction that is against the manifest weight of the evidence under state law and does not constitute a federal constitutional claim. A weight of the evidence claim is not a federal constitutional claim. *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

**Ground Three: Ineffective Assistance of Counsel**

As the Report notes, Mr. Bower's claim of ineffective assistance of counsel "at both judicial levels" is very general (ECF No. 11, PageID 529). After stating the general standard for ineffective assistance claims, the Report noted that, as the Warden argued, Mr. Bower never made in the state courts any claim of ineffective assistance formulated anything like what he

pleaded here. *Id.* at PageID 531. "In fact, the Petition does not particularize anything that any one of his attorneys did or did not do which was deficient performance or prejudicial." *Id.*

In his Objections, Bower notes that ineffective assistance of trial and appellate counsel claims omitted on direct appeal can still be raised in a motion to vacate under 28 U.S.C. § 2255 by a federal prisoner (Objections, ECF No. 14, PageID 550, citing *Massaro v. United States*, 538 U.S. 500 (2003)). *Massaro* does stand for that proposition for federal prisoners, but state prisoners in Ohio who have a claim of ineffective assistance of trial counsel which is apparent on the record on direct appeal must raise it there or be barred from raising it in habeas. *State v. Perry*, 10 Ohio St. 2d 175 (1967). Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry*, *supra*, is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

At the end of his Objections, Mr. Bower treats in summary fashion Claims 3, 4, 5, and 7 made in his Traverse. The principal issues raised, as best the Magistrate Judge understands them, assert an abuse of discretion by the Third District Court of Appeals by allowing an improper appellate brief and by not excluding prejudicial evidence (See ECF No. 14, PageID 552-53). Abuse of discretion by a state court does not amount to a constitutional violation. *Sinistaj v. Burt*, 66 F.3d 804 (6th Cir. 1995). Mr. Bower also adverts to the concept of structural error, but nothing he has pleaded fits that category.

**Conclusion**

Having re-examined the case in light of the Objections, the Magistrate Judge again recommends the Petition be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

May 8, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).