IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT E. BOWER,

    Petitioner,

v.

CHARLOTTE JENKINS, Warden,
Chillicothe Correctional
Institution,

    Respondent.

Case No. 3:16-cv-468

JUDGE WALTER H. RICE

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #11) AND SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #16); OVERRULING PETITIONER'S OBJECTIONS THERETO (DOCS. ##14, 17); DISMISSING WITH PREJUDICE PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS (DOC. #2); DENYING CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*; JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION ENTRY

    Petitioner Robert Bower was charged with rape and kidnapping. Bower, then age 63, allegedly forced the victim, then age 26, to the floor in the basement of his pizza shop and performed cunnilingus on her, penetrating her vagina with his tongue. Bower denied that he touched his mouth to the victim's vaginal area. Instead, he claimed that he licked his fingers and slid them inside her pants. He denied penetrating her vagina.

    Bower was convicted of rape and kidnapping and sentenced to eight years in prison. After exhausting his appeals in state court, he filed a Petition Under 28

U.S.C. § 2254 for Writ of Habeas Corpus. Doc. #2. United States Magistrate Judge Michael R. Merz has recommended that the Court dismiss that Petition with prejudice.

Based on the reasoning and citations of authority set forth by Magistrate Judge Merz in his Report and Recommendations (Doc. #11), and Supplemental Report and Recommendations (Doc. #16), as well as upon a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filings in their entirety. Petitioner's Objections thereto (Docs##14, 17) are OVERRULED.

Magistrate Judge Merz properly found that Petitioner's First Ground for Relief, alleging due process and equal protections violations in connection with his sentencing, is procedurally defaulted. Petitioner admits that he did not raise his constitutional claims in state court. He instead directs the Court to untimely arguments made in his Traverse. Petitioner's procedural default is not excused by ineffective assistance of counsel. Although he raised other ineffective assistance of counsel claims in state court, he did not raise any related to his equal protection and due process arguments.

Nor is his procedural default excused by the "actual innocence" exception. Magistrate Judge Merz found that Petitioner had presented no new evidence to support a claim of actual innocence. Petitioner points to a report by Dr. Dan Krane of Forensic Bioinformatics, Doc. #10-1, PageID##465-66, and to a report by Hallie

Garofalo, a forensic scientist at the Ohio Bureau of Criminal Investigation, Doc. #10-1, PageID#487. Both reports are attached to Petitioner's Traverse.

Neither report exonerates Petitioner. In fact, both reports conclude that the DNA profile of the vaginal swabs taken from the victim is consistent with Mr. Bower. Dr. Krane concludes that the lab reports are consistent with oral sex, but he acknowledges that Bower's DNA also could have been transferred there by other means, including by touching. Although this would be consistent with Bower's testimony, it does not eliminate the possibility that Bower performed cunnilingus on the victim, as she alleged. Accordingly, the "actual innocence" exception to the procedural default rule does not apply.

With respect to the Second Ground for Relief, Magistrate Judge Merz properly found that this claim was not only procedurally defaulted, but also failed on the merits. He correctly noted that "sufficiency of the evidence" claims are entitled to double deference. Viewing the trial testimony and exhibits in the light most favorable to the prosecution, the first question is "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." The court must also "defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Petitioner repeatedly argues that because he was charged with rape under Ohio Revised Code § 2907.02(A)(2), and not with cunnilingus under Ohio Revised Code § 2907.01(A), the prosecution was required to prove penetration. Although

3

the victim testified that he penetrated her vagina with his tongue, he argues that there was insufficient evidence of penetration, given that none of the victim's DNA was found in his mouth.

Petitioner misunderstands Ohio's statutory scheme. Section 2907.01(A) merely provides the *definition* for "sexual conduct." It reads as follows:

> As used in sections 2907.01 to 2907.38 of the Revised Code:
>
> (A) "Sexual conduct" means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.

Ohio Rev. Code § 2907.01(A). Petitioner correctly notes that he was not convicted under this section. Nor could he be, given that it simply sets forth the definition of "sexual conduct." It does not criminalize any particular conduct. For that, we must turn to the next section of the Ohio Revised Code.

Ohio's rape statute reads as follows: "No person shall engage in sexual conduct with another when the offender purposely compels the other to submit by force or threat of force." Ohio Rev. Code § 2907.02(A)(2). Under § 2907.01(A), cunnilingus is included in the definition of "sexual conduct." As noted by the Third District Court of Appeals, the Supreme Court of Ohio has held that cunnilingus is "a sexual act committed with the mouth and the female sexual organ" and that penetration is not required for conviction. *State v. Bower*, 2015-Ohio-1889, 2015

4

WL 2354382, at ¶9 (citing *State v. Lynch*, 98 Ohio St. 3d 514, 2003-Ohio-2284, ¶86).

In this case, Petitioner denied placing his mouth on the victim's vaginal area, and denied penetration. He testified that he simply licked his fingers and slid them inside her pants. The victim, however, testified that he performed cunnilingus on her and penetrated her vagina with his tongue. Regardless of whether penetration occurred, viewing the victim's trial testimony in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime of rape beyond a reasonable doubt, particularly given the fact that Bower's DNA was found on the vaginal swabs. Petitioner's Second Ground for Relief therefore also fails on the merits.

With respect to the Third Ground for Relief, alleging ineffective assistance of trial counsel and appellate counsel based on claims that they "ignored the statutory language required at all critical stages," Respondent argued that Petitioner failed to assert any such claim in state court. Magistrate Judge Merz properly noted that, in his Traverse, Petitioner abandoned the supporting facts as alleged in the Petition, and improperly argued a completely different basis for these claims.

For the reasons set forth above, the Court DISMISSES WITH PREJUDICE the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus, Doc. #2.

Judgment shall be entered in favor of Respondent and against Petitioner.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be

5

debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability, and is denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 23, 2017

                                              WALTER H. RICE
                                              UNITED STATES DISTRICT JUDGE